# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINE MARIE WALENDY,**

       **Plaintiff,**

**v.**                        **Case No:   6:14-cv-926-Orl-41GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

_____

# REPORT AND RECOMMENDATION

Christine Marie Walendy (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) failing to apply the correct legal standards to the opinions of Claimant's treating psychiatrist, Dr. Charles Buscema; and (2) giving "persuasive weight" to the opinions of two non-examining physicians, but then failing to include some limitations from those opinions in the ALJ's residual functional capacity assessment (the "RFC"). Doc. No. 16 at 8-24. For the reasons that follow, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.    <u>THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS</u>.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at
> step one that he is not undertaking substantial gainful activity.  At
> step two, the claimant must prove that he is suffering from a severe
> impairment or combination of impairments.  At step three, if the
> claimant proves that his impairment meets one of the listed
> impairments found in Appendix 1, he will be considered disabled
> without consideration of age, education, and work experience.  If
> the claimant cannot prove the existence of a listed impairment, he
> must prove at step four that his impairment prevents him from
> performing his past relevant work.  At the fifth step, the regulations
> direct the Commissioner to consider the claimant's residual
> functional capacity, age, education, and past work experience to
> determine whether the claimant can perform other work besides his
> past relevant work.

*Id*. at 1278 (citations omitted).  The steps are followed in order.  If it is determined that the

claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next

step.

## II.    STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do

more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937

F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District

Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that the evidence preponderates against the Commissioner's decision.

*Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The

District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision.   *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

At the center of this dispute is the ALJ's handling of the opinion evidence from Claimant's treating psychiatrist, Dr. Charles Buscema.   Doc. No. 16 at 8-17.   Claimant raises two distinct allegations of error with respect to Dr. Buscema's opinions.   Doc. No. 16 at 8-12.   First, Claimant argues the ALJ erred by failing to apply the correct legal standards to Dr. Buscema's June 17, 2010 Medical Verification statement (R. 504) (the "2010 Opinion").   Doc. No. 16 at 8-12.   More specifically, Claimant argues the ALJ erred by failing to state with particularity the weight given and the reasons therefor to the 2010 Opinion.   Doc. No. 16 at 11-12.   Second, Claimant argues that the ALJ erred by failing to demonstrate good cause, supported by substantial evidence, for giving little weight to Dr. Buscema's June 23, 2011 opinions, which are contained in a Mental Assessment to Do Work-Related Activities statement (R. 505-507) (the "2011 Opinion").   Doc. No. 16 at 8-11.

With respect to the 2010 Opinion, the Commissioner does not raise a substantive argument in opposition and, therefore, tacitly concedes error, but the Commissioner maintains that any error by the ALJ in the handling of the 2010 Opinion is harmless.   Doc. No. 16 at 15-16.   As to the 2011 Opinion, the Commissioner argues the ALJ provided good cause to give the opinion little

weight because the opinion was not supported by Dr. Buscema's treatment notes or the more recent treatment notes of an advanced registered nurse practitioner.   Doc. No. 16 at 12-17.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.   In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1]   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"   *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).   The Eleventh Circuit has held:

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

> Good cause exists when the: "(1) treating physician's opinion was
> not bolstered by the evidence; (2) evidence supported a contrary
> finding; or (3) treating physician's opinion was conclusory or
> inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (unpublished) (quoting *Phillips* v.

*Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).   Thus, good cause exists to give a treating

physician's opinion less than substantial weight where the ALJ demonstrates in the decision that

the physician's opinion is not bolstered by the evidence in the record, the evidence supports a

contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

*Id*.

### A.  The 2010 Opinion.

Dr. Buscema is a psychiatrist, who regularly treated Claimant for mental health

impairments from late 2008 through 2011.   *See* R. 17 (ALJ's decision noting length of treatment

relationship); R. 449-463, 482-489, 492, 502-503, 508-519.[2]   On June 17, 2010, Dr. Buscema

provided a Medical Verification statement to the St. Lucie Alternative Transportation System.   R.

504.   The statement at issue appears to have been made in attempt to obtain for Claimant a

"paratransit service" or reasonable accommodations from standard public transportation in St.

Lucie County, Florida under The Americans with Disabilities Act of 1990.   R. 504.   Dr.

Buscema's 2010 Opinion provides the following responses on the form:

> 1.  Please describe all conditions which functionally prevent the
>     applicant from using the fixed route bus system.
>
>     This patient is easily distractible; has a limited attention span,
>     diminished ability to concentrate and has flight of ideas (i.e.,
>     racing thoughts).

---

[2] Dr. Buscema's treatment notes are handwritten and somewhat illegible.   *See* R. 449-463, 482-489, 492, 502-503, 508-519.

      2.  How does this condition prevent the applicant from using the fixed route system?

      She cannot remember schedules and would have great difficulty with public transportation.

R. 504.   Thus, in the 2010 Opinion, Dr. Buscema opines that Claimant's mental impairments cause the following limitations: she is easily distractible; has a limited attention span, diminished ability to concentrate, and flight of ideas; she cannot remember schedules and would have great difficulty with public transportation.   R. 504.   Dr. Buscema's statement clearly reflects judgments about the nature and severity of Claimant's impairments, as well as Claimant's mental restrictions.   R. 504.   Accordingly, the undersigned finds that the 2010 Opinion constitutes a medical opinion under *Winschel*, 631 F.3d at 1178-79, which requires the ALJ to state with particularity the weight given to it and the reasons therefor.[3]

In the decision, the ALJ states the following with respect to the 2010 Opinion:

> Dr. Buscema executed a St. Lucie Alternative Transportation System (SLATS) application for requesting special accommodation for the claimant, as she is "easily distractible, limited attention span . . . and cannot remember schedules and would have great difficulty with public transportation."   Here, [the ALJ] note[s] pursuant to 20 C.F.R. § 404.1504, the Commissioner is not bound by the decision of another government or non-governmental agency.   Therefore, although the City [sic] of St. Lucie may have accommodated the claimant for alternative public transportation, such decision-making does not address the factors which are relevant to the issues of disability under the Social Security Regulations.   Therefore, [the ALJ] accord[s] no weight to this outside matter.

R. 20.   Thus, the ALJ gave no weight to the 2010 Opinion on the basis that the decisions of another governmental agency are not relevant.   R. 20.

The ALJ erred in two material respects.   First, the ALJ erred by applying the wrong legal standard to the 2010 Opinion from Claimant's treating physician.   R. 20.   *See also supra* pp. 4-5

---

[3] The Commissioner admits the statement at issue is a medical opinion.   Doc. No. 16 at 15.

(legal standard for handling medical opinions from treating physicians).   Second, the ALJ clearly misconstrued the 2010 Opinion as a "decision of another government . . . agency," when it is in fact a medical opinion from Claimant's long-standing, treating psychiatrist.   *Compare* R. 20 *with* R. 504.   By doing so, the ALJ essentially ignored the substance of Dr. Buscema's medical opinion without good cause.   R. 20.   *See Phillips*, 357 F.3d at 1240-41 (explaining what constitutes good cause to give less than great weight to the opinions of a treating physician).   Thus, the ALJ erred in addressing the 2010 opinion.

While the Commissioner does not raise any substantive argument in support of the ALJ's handling of the 2010 opinion (Doc. No. 16 at 15-16), the Commissioner argues that the ALJ's error is harmless.   The Commissioner argues that Dr. Buscema's 2010 Opinion and 2011 Opinion are "essentially identical" so remand requiring the ALJ to consider "an essentially identical opinion from the same physician would not alter the outcome."   Doc. No. 16 at 16.   Initially, the undersigned notes that only the 2010 Opinion addresses Claimant's ability to follow schedules. *Compare* R. 504 *with* R. 505-507.   Furthermore, where an ALJ ignores or fails to state with particularity the weight given to a medical opinion and the reasons therefor, the Eleventh Circuit has held that "'it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"   *Winschel*, 631 F.3d at 1179 (quoting *Cowart*, 662 F.2d at 735).   *See also MacGregor*, 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefore constitutes reversible error).   Thus, the ALJ's error was not harmless.   Accordingly, it is **RECOMMENDED** that the Court find the ALJ applied the incorrect legal standard in regard to the 2010 Opinion and rejected it without good cause.[4]

---

[4] Due to the ALJ's error with respect to the 2010 Opinion, the case should be reversed and remanded for further proceedings. Nevertheless, the undersigned will briefly address the remaining issues.

**B.  The 2011 Opinion.**

In the decision, the ALJ provides a generally accurate description of Dr. Buscema's 2011

Opinion (R. 505-507), as follows:

> Dr. Buscema completed a medical questionnaire on the claimant in
> June 2011 regarding the claimant's mental impairments.
> Significantly, Dr. Buscema opined that the claimant demonstrated
> "poor to none" ability to follow work rule[s], relate to co-
> workers/supervisors, deal with [the] public or work stress, use
> judgment, function independently, maintain attention/
> concentration, or understand/carry out complex, detailed or even
> simple work instructions.   Dr. Buscema further opined the claimant
> demonstrates "limited concentration, poor attention span, and
> distractibility secondary to Bipolar disorder;" and that due to the
> claimant's mental impairments, she would be absent from work 3 or
> more times per month.

R. 20.   Dr. Buscema's opinion also provides that Claimant has "poor to none" ability to maintain

personal appearance, and fair ability to behave in an emotionally stable manner; relate predictable

in social situations; and demonstrate reliability.   R. 506.

The ALJ accords the 2011 Opinion "little weight," stating:

> In the instant case, the [ALJ] finds Dr. Buscema's medical source
> statement unsupported by the objective medical evidence a whole,
> including his own treatment records which note the claimant making
> "continued improvement" on medication, and the claimant "feeling
> well" and "stable" when remaining compliant with prescribed
> treatment.  Consequently, the [ALJ] accords little weight to Dr.
> Buscema's aforementioned medical opinion (Exhibits 12F and
> 13F).

R. 20.[5]   Thus, the ALJ gave little weight to the 2011 Opinion because it is unsupported by Dr.

Buscema's treatment notes in the following respects: (1) treatment records note claimant making

---

[5]  Exhibits 12F and 13F may, respectively, be found in the administrative record at R. 505-507 (the 2011 Opinion) and
R. 508-19 (Dr. Buscema's treatment records for April 28, 2011 and June 23, 2011).

"continued improvement on medication"; and (2) treatment records show claimant is "feeling well and stable when remaining compliant with prescribed treatment."   R. 20.

With respect to the first reason, Dr. Buscema's June 23, 2011 treatment records do indicate that Claimant is showing "continued improvement" in response to treatment.   R. 509.   However, that same treatment note reviews Claimant's symptoms and notes that Claimant: appeared disheveled; displayed anxious, expansive, irritable, and labile affect; expressed a flight of ideas and racing thoughts; but displayed communicative and cooperative attitude.   R. 508.[6]   The ALJ does not articulate any reason why Dr. Buscema's indication that Claimant is continuing to improve in response to treatment conflicts with his 2011 Opinion or explain why the ALJ chose to credit that small portion of June 23, 2011 treatment note above all others.   R. 20.   At best, the ALJ's first reason for giving little weight to the 2011 Opinion is not supported by substantial evidence.   At worst, it may constitute cherry picking. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (ALJ may not focus on one aspect of the evidence while disregarding or ignoring other contrary evidence).

The ALJ's second reason for giving little weight to the June 23, 2011 opinion is also flawed.   R. 20.   The ALJ states that Dr. Buscema's treatment notes reflect that Claimant is feeling well and stable.   R. 20.   Earlier in the decision, the ALJ also states that "[i]n April 2011, Dr.

---

[6] In addition, Dr. Buscema's June 23, 2011 treatment notes state that Claimant's current Global Assessment of Functioning ("GAF") score is 49, which indicates serious symptoms.   R. 509.   A GAF score of 41-50 indicates serious symptoms, such as suicidal ideation or severe obsessional rituals, and/or a serious impairment in social, occupational, or school functioning.   *See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000).   GAF scores between 51 to 60 reflect moderate symptoms, such as flat affect or occasional panic attacks, and/or a moderate difficulty in social, occupational, or school settings.   *Id*.   Two years later, in 2013, the most recent edition of the *Diagnostic and Statistical Manual of Mental Disorders* stopped utilizing the GAF score scale, noting that it was recommended "the GAF be dropped . . . for several reasons, including its conceptual lack of clarity . . . and questionable psychometrics in routine practice."   Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 16 (5th ed. 2013).   Nevertheless, while Dr. Buscema's June 23, 2011 treatment notes did state that Claimant was showing continued improvement, they also clearly reflect that her symptoms remain serious.

Buscema reported the claimant 'feels well' with controlled symptoms." R. 18. The ALJ's reference to Claimant "feeling well" with controlled symptoms refers to the psychiatrist's April 28, 2011 treatment notes. R. 510-517. The ALJ may be correct that Dr. Buscema's April 28, 2011 treatment notes state "Feels well, control [symptoms or anxiety]." R. 510.[7] However, that portion of the treatment note is under the heading "PERSON'S EXPECTATIONS". R. 510. Thus, the plain meaning of the treatment note is that Claimant expects to feel well and to control her symptoms or anxiety through continued treatment. R. 510.[8] The undersigned fails to see how Claimant's desire to feel well and to control her symptoms or anxiety conflicts with Dr. Buscema's 2011 Opinion.[9] Accordingly, the undersigned finds that the ALJ's second reason for giving little weight to Dr. Buscema's 2011 Opinion is not supported by substantial evidence.[10]

---

[7] The treatment not at issue is hand written and somewhat illegible. R. 510. It is unclear whether Dr. Buscema wrote "control symptoms" or "control anxiety." R. 510.

[8] It may be that the ALJ simply missed the "PERSON'S EXPECTATIONS" heading. Yet, the ALJ's interpretation of the April 28, 2011 treatment note is a material misstatement of fact. R. 20, 510. While a mere misstatement of fact by an ALJ may be harmless, if the misstatement is material or integral to the ALJ's ultimate decision it is not harmless. *See Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x. 660, 665 (11th Cir. 2010) (unpublished) (misstatement of fact "may constitute harmless error if the ALJ applies the proper legal standard."); *Washington v. Astrue*, No. 8:08-CV-1614-T-27GJK, 2009 WL 2949034, at *14 (M.D. Fla. Sept. 14, 2009) (single erroneous statement does not require remand). *But see White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-Orl-28GJK, 2010 WL 3467413, at *15 (M.D. Fla. Aug. 3, 2010) (misstatement of fact not harmless error when it substantially affects ALJ's ultimate conclusion). In this case, the ALJ's misstatement of fact is harmful because it was integral to the ALJ's decision to give little weight to the opinion of Claimant's treating psychiatrist. R. 20.

[9] In addition, on April 28, 2011, Dr. Buscema assigned Claimant a GAF score of 49, which is indicative of serious symptoms and is inconsistent with an interpretation that Claimant is feeling well with controlled symptoms or anxiety. R. 517. *See supra* n.6.

[10] The above-stated reasons are the only two reasons articulated by the ALJ in the decision for giving little weight to Dr. Buscema's 2011 Opinion. R. 20. The Commissioner offers several other reasons, which the Commissioner argues would support giving little weight to the 2011 Opinion, including: opinions set forth on checklists are generally disfavored; other treatment notes not cited by the ALJ (R. 20) are inconsistent with Dr. Buscema's opinion; other findings not discussed by the ALJ in the April 28, 2011 treatment notes contradict the 2011 Opinion; and Dr. Buscema's opinion is not supported by the opinion of an advanced registered nurse practitioner. Doc. No. 16 at 13-16. However, "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Baker v. Commissioner of Social Security*, 2010 WL 2511385, at *3 (11th Cir. June 23, 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)). Accordingly, because the ALJ did not give little weight to the 2011 Opinion for any of the above-noted reasons offered by the Commissioner on appeal (*see* R. 20), the undersigned may not consider them.

Based on the forgoing, as an independent basis to remand this case for further proceedings, it is **RECOMMENDED** that the Court find that the ALJ failed to articulate good cause, supported by substantial evidence, for giving little weight to the 2011 Opinion.[11]

## IV.    CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1.      **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g);

2.      Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

A party failing to file written objection to a magistrate judge's findings or recommendations **within ten (10) calendar days** of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

---

[11] The ALJ's errors with respect to the 2010 Opinion and 2011 Opinion are dispositive of this case.  *See supra* pp. 5-10.  Therefore, it is unnecessary to address Claimant's remaining argument that the ALJ also erred by according "persuasive weight" to the opinions of two non-examining physicians, Drs. Weiner and Green, but then failed to include certain limitations contained within their respective opinions into the ALJ's RFC.  Doc. No. 16 at 17-20.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  However, the undersigned notes the specific alleged limitations at issue are contained in Section I of Drs. Weiner and Green's RFC opinions.  *See* Doc. No. 16 at 18 (limitation at issue); R. 430 (Dr. Weiner's RFC); R. 479 (Dr. Green's RFC).  The Eleventh Circuit has noted that Section I findings do not constitute the actual RFC opinion or the extent of the actual limitation, but are merely aids to help the physician in determining his or her actual RFC assessment, which is contained in Section III.  *See Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610, 612 (11th Cir. 2012) (per curiam); *Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47, 49-50 (11th Cir. 2012) (per curiam) (stating that checking the box in Section I of a mental RFC assessment form does not indicate the degree and extent of the limitation but rather is an aid before the doctor renders his or her RFC determination).  Accordingly, it appears that this argument is not well-taken.

Recommended in Orlando, Florida on August 14, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies of the Report and Recommendation to:

The Honorable Gregory J. Froehlich
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Desoto Bldg, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224