# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINE MARIE WALNEDY,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:14-cv-926-Orl-41GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 20)**
>
> **FILED:**      **October 7, 2015**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On September 9, 2015, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 19. Plaintiff now moves for an award of attorneys' fees (the "Motion") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 20. In the Motion, Plaintiff requests the Court award attorney's fees in the amount of $3,359.86. Doc. No. 20.

In the Motion and attached time sheet, counsel for Plaintiff, Richard A. Culbertson, Esq.,

states that he and another attorney, Sarah Fay, Esq., and a paralegal, performed the following work:

| Attorney | Year | Hourly Rate | Time | Total |
|---|---|---|---|---|
| Richard A. Culbertson, Esq. | 2014 | $190.06 | 1.2 | $228.07 |
|  | 2015 | $189.67 | 1.3 | $246.57 |
| Sarah Fay, Esq. | 2014 | $190.06 | 6.1 | $1,159.36[1] |
|  | 2015 | $189.67 | .4 | $75.86 |
| Michael Culbertson | 2014 | $75.00 | 22 | $1,650.00 |
| Total |  |  |  | $3,359.86 |

Doc. No. 20 at 2, 8, 13-15. In the Motion, counsel states that the hourly rates requested do not exceed the statutory cap adjusted for inflation. Doc. No. 20 at 8-11. Counsel states that the Commissioner has agreed that if Plaintiff does not owe a debt to the Government, the Government will pay EAJA fees directly to counsel pursuant to Plaintiff's assignment of benefits (Doc. No. 20-1). Doc. No. 20 at 2-3. Plaintiff complied with Local Rule 3.0(1)(g) and certifies that the Commissioner does not object to the amount of fees requested. Doc. No. 20 at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to

---

[1] In the Motion and attached time sheet, Plaintiff calculates Ms. Fay's 6.1 hours of work on the case in 2014 at an hourly rate of $190.06 as $1,159.39 in attorneys' fees. Doc. No. 20 at 2, 8. However, the correct calculation totals $1,159.36, a difference of $.03. Plaintiff's error is a minor typographical error because the total amount of attorneys' fees requested in the Motion represents the correct calculation ($3,359.86). Doc. No. 20 at 1-2.

attorneys' fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054 at *3-4 (M.D. Ga. Feb. 24, 2011).

In the Motion, Plaintiff requests an award of attorneys' fees. Doc. No. 20 at 1-3. In compliance with *Ratliff*, it is recommended that the Court award EAJA fees to the Plaintiff as the prevailing party.

Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT the Motion in part** (Doc. No. 20);

2. Award attorneys' fees to Plaintiff in the amount of $3,359.86 under the EAJA;[2]

3. Otherwise, **DENY** the Motion;[3] and

---

[2] The Motion does not request that the award of EAJA fees be reduced to judgment. Doc. No. 20 at 1-3

[3] The United States Department of the Treasury (the "Department") may exercise its discretion to honor the Plaintiff's assignment of benefits if it determines that the Plaintiff does not owe a debt to the Government. However, the undersigned is not recommending that the Court order the Department to honor it.

4. Direct the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1**. In order to expedite the final resolution of this matter, if no party has an objection to this Report and Recommendation, the parties may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on December 3, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy